```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY                :
DISTRICT COUNCIL OF CARPENTERS               :
PENSION FUND WELFARE FUND,                   :
ANNUITY FUND, AND APPRENTICESHIP,            :          18 Civ. 5984 (LGS)
JOURNEYMAN RETRAINING,                       :
EDUCATIONAL AND INDUSTRY FUND, et            :          OPINION AND ORDER
al.,                                         :
                              Petitioners,   :
                                             :
            v.                               :
                                             :
ACCURATE DRYWALL INC.,                       :
                              Respondent.    :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2019

LORNA G. SCHOFIELD, District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation ("the Funds") and the New York City District Council of Carpenters (collectively, the "Petitioners") move for summary judgment to confirm a June 11, 2018, Opinion and Default Award of Arbitrator (the "Award"). Petitioners also seek attorneys' fees, costs and post-judgment interest in connection with this action. Respondent Accurate Drywall Inc. has not appeared in this action and has not opposed the motion. For the reasons discussed below, Petitioners' motion is granted.

I.  **BACKGROUND**

The following uncontested facts are taken from the Award and evidence submitted in support of the Petition.

Pursuant to an agreement with the United Brotherhood of Carpenters and Joiners of America, Respondent was required to make payments to annuity, pension and health and welfare funds in accordance with the terms of a local collective bargaining agreement (the "CBA"). The CBA provided that covered employers, such as Respondent, were to make contributions to the Funds for each hour worked by covered employees.[1] The CBA further provided that disputes regarding such contributions were to be arbitrated, and that the arbitrator was empowered to award the delinquent contributions, plus interest, liquidated damages, and/or costs.

In accordance with an auditing provision in the CBA, an accountant employed by the Funds conducted an audit of Respondent's books and records. The accountant discovered delinquencies in the contributions due to the Funds during the period from August 14, 2014, through December 31, 2016. Petitioners thereafter demanded payment of the delinquent contributions, and initiated arbitration when Respondent failed to comply.

The arbitrator sent Respondent a Notice of Hearing, advising Respondent that the arbitration hearing would be held on June 6, 2018, at 10:30 a.m. The arbitration hearing was held at the scheduled time, but Respondent failed to appear.

On June 11, 2018, the arbitrator issued the Award, finding that Respondent was delinquent in making the required contributions to the Funds. The arbitrator awarded the Funds $7,736.68, consisting of (1) the delinquent funds ($1,423.36), (2) interest ($285.59), (3) liquidated damages ($284.67), (4) assessments to the Promotional Fund ($2.56), (5) court costs

---

[1] Respondent was also required to contribute to the Promotional Fund of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. (the "Promotional Fund"). These contributions were to be remitted to the Funds; the Funds would in turn transfer these contributions to the Promotional Fund.

($400.00), (6) attorneys' fees ($1,500), (7) the arbitrator's fee ($500.00) and (8) audit costs ($3,340.50).

On July 2, 2018, this action was commenced to enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Respondent was served with a Summons and Petition on July 11, 2018, and proof of service was filed with the Court on July 17, 2018. Respondent has not appeared or responded to Petitioners' Summons and Petition. Consequently, the Court granted Petitioners' request that the Petition be deemed an unopposed motion for summary judgment.

## II. DISCUSSION

### A. Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. For the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

A "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors,*

*L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). Under this "heightened standard of deference," vacatur of an arbitration award is appropriate only "if the arbitral award contradicts an express and unambiguous term of the contract or if the award so far departs from the terms of the agreement that it is not even arguably derived from the contract." *Id.* "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (internal quotation marks omitted).

No genuine issues of material fact exist in this case. The Petition is uncontested and the Award "draws its essence" from the CBA. *See id.* Under the CBA, Respondent was required to make contributions to the Funds, and arbitration was specified as the means to resolve disputes over such contributions. The arbitrator heard testimony from the auditor that delinquencies were discovered in the contributions due to the Funds, and the auditor's report was received into evidence. Based on this uncontroverted evidence, Respondent was found to be delinquent in making contributions to the Funds, and the arbitrator calculated the Award pursuant to his express authority under the CBA to award the principal plus "interest, liquidated damages, . . . costs" and "[t]he cost of the arbitration, including the fees to be paid to the arbitrator." In short, the Award is well-grounded in the express terms of the CBA and the arbitrator acted within the scope of his authority. Accordingly, Petitioner is entitled to confirmation of the Award. *See Nat'l Football League*, 820 F.3d at 537.

4

### B. Attorneys' Fees and Costs

"Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. Of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). A court may, however, award fees and costs pursuant to its equitable powers. *See Odeon Capital Grp. L.L.C. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co., Inc.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Respondent has failed to justify its refusal to abide by the arbitrator's decision. Respondent did not participate in the arbitration proceeding after receiving notice, did not satisfy the Award and did not oppose the Petition in this action. Accordingly, Petitioner is entitled to reasonable attorneys' fees and costs. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *3-4 (awarding fees and costs where employer agreed to arbitration, but failed to appear at the arbitration, satisfy the award or oppose a petition to confirm the award).

Petitioner submitted timesheets and background information about the attorneys who worked on this case. The timesheets reflect that counsel for Petitioners billed $867.50, reflecting 3.1 hours of work. Both the hourly rate and the number of hours worked are reasonable.

Petitioner also advanced $75 in service fees in connection with this matter.  Accordingly, Petitioners are awarded $942.50 in attorneys' fees and costs.

    **C.**    **Interest**

The arbitrator awarded interest on the Award, to accrue at a rate of 5.75% per annum. Petitioners seek interest at the 5.75% rate from the date of the Award through the date of judgment, and at the statutory rate thereafter.

Petitioners are entitled to interest on the Award.  The arbitrator awarded interest pursuant to the express terms of the CBA.  That interest now amounts to $252.29.  Petitioners are also entitled to post-judgment interest at the statutory rate under 28 U.S.C. § 1961.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## III. CONCLUSION

For the foregoing reasons, the petition for confirmation of the Award is GRANTED. Petitioners are entitled to $7,736.68 under the Award, plus $942.50 in attorneys' fees and $252.29 in interest, for a total of $8,931.47.  Post-judgment interest will accrue at the statutory rate, in accordance with 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

Dated: January 4, 2019
       New York, New York

                                              LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE